UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES J. SCAVONE, JR., executor of the Estate of James J. Scavone, Sr., and as Trustee of the Scavone Realty Trust, PATRICK F. SCAVONE, Trustee of the Scavone QTIP Trust, MARY M. DURETTE, Trustee of the Scavone QTIP Trust, and PHILLIP L. SCAVONE, Trustee of the Scavone QTIP Trust,<br><br>    Defendants. | Case No. 05-40050-FDS<br><br>JURY DEMANDED ON COUNT I |

## AMENDED COMPLAINT

The plaintiff, the United States of America, by its undersigned counsel, at the request of a delegate of the Secretary of the Treasury and as directed by a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401, 7403 brings this complaint to reduce an unpaid federal estate tax assessment against the Estate of James J. Scavone, Sr. to judgment and to foreclose on a piece of real property at 62 Whisper Drive, Worcester, Massachusetts. For these purposes, the United States complains and alleges as follows:

1

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to Sections 1340 and 1345 of Title 28 of the United States Code, and pursuant to Section 7402 of Title 26 of the United States Code.

## PARTIES

2. Defendant, James J. Scavone, Jr. ("Executor") is the Executor of the Estate of James J. Scavone, Sr. ("Taxpayer") and is the Trustee of the Scavone Realty Trust ("Realty Trust").

3. Executor resides at 103 Teele Road, Bolton, Massachusetts within the jurisdiction of this court.

4. Patrick F. Scavone, resides at 3 Timber Heights Drive, Charlton, Massachusetts within the jurisdiction of this Court, and is named as a defendant because he is a named Trustee of the Scavone QTIP Trust ("QTIP Trust").

5. Phillip L. Scavone, resides at 2515 Pemberton Creek Drive Seffner, Florida 33584 and is named as a defendant because he is a named Trustee of the QTIP Trust.

6. Mary Martha Durette, resides at 13112 Briarcliff Terrace, Apt. 511, Germantown, Maryland 20874 and is named as a defendant because she is a named Trustee of the QTIP Trust.

COUNT I - UNPAID TAXES

7. The United States re-alleges the facts as set forth in paragraphs 1 - 6, as though fully set forth herein.

8. A delegate of the Secretary of the Treasury made assessments against the taxpayer for federal estate tax liabilities, on the dates, and in the amounts, follows:

| Tax, Interest or Penalty Assessed | Assessment Date | Amount Assessed |
|---|---|---|
| Tax | February 17, 1992 | 1,559,796.18 |
| Interest | August 24, 1992 | 70,939.47 |
| Interest | September 7, 1992 | 6,969.58 |
| Interest | April 26, 1993 | 9,365.13 |
| Tax | March 23, 1995 | 356,387.28 |
| Interest | March 23, 1995 | 126,156.06 |
| Interest | June 19, 1995 | 5,353.53 |
| Failure to Pay Penalty | March 17, 2005 | 18,729.75 |

9. On or about the dates of assessment of the tax liabilities, notice and demand for payment of the liabilities was given to the taxpayer.

10. Payments of $2,187,436.10 have been made towards the estate tax liability.

11. Despite notice and demand, the Executor has refused or neglected to pay fully the assessed liability of the Taxpayer.

12. Interest continues to accrue on the assessed estate tax liabilities.

13. There remains due and owing to the United States from the taxpayer, the sum of $182,377.79 plus statutory interest and additions from May 9, 2005.

COUNT II - FORECLOSURE OF FEDERAL TAX LIENS

14. On or about May 17, 1990, James J. Scavone, Jr., following the wishes of his father, James J. Scavone, Sr. established the Scavone Realty Trust.

15. By its terms, the Realty Trust was formed to hold the record, legal title of the Subject Property, for the benefit of the Trust beneficiaries.

16. The sole beneficiary of the Realty Trust was the Scavone QTIP Trust.

17. James J. Scavone, Sr. established the QTIP Trust on or about January 5, 1990.

18. The named Trustees of the QTIP are Mary M. Durette, Patrick F. Scavone and Phillip L. Scavone.

19. James J. Scavone, Sr. intended that the QTIP Trust's primary purpose was to provide his wife with a home for her lifetime.

20. On or about May 18, 1990, James J. Scavone, Jr., acting at the behest of James J. Scavone, Sr., acquired the real property at 62 Whisper Drive ("the Subject Property") for $450,000 from Banks L. Leonard, Sr. and Agnes Anne Leonard.

21. The Subject Property was purchased in the name of the Realty Trust, however, the funds used to purchase the Subject Property came from James J. Scavone, Sr.

22. The Subject Property at 62 Whisper Drive is more fully described as:

> the land together withe buildings and all improvements thereon, lying on the southeasterly side of Whisper Drive, Worcester, Worcester County, Massachusetts, and being Lot 21 on plan entitled "'Sinai Hill Development' Definitive Plan of Lots in Worcester, Mass. for H.A.E., Inc., May 10, 1985", prepared by Thompson-Liston Associates, Inc., and recorded with the Worcester District Registry of Deeds in Plan Book 544, Plan 46.
>
> BEGINNING at the northwesterly corner of the lot herein described in southeasterly line of Whisper Drive, said point of beginning being 218.34 feet southwesterly of (measured on the southeasterly line of Whisper Drive), the tangent point of a curve, leading northeasterly by Whisper Drive, the radius of which is 30.00 feet;
>
> THENCE S. 70° 40' 14" E., by Lot 22, on a plan referred to, 150.00 feet to a point at land of Temple Sinai, Parcel A, on a plan referred to;
>
> THENCE S. 19° 19' 46" W., by land of Temple Sinai, Parcel A, on a plan referred to, 120.00 feet to a point in Lot 20, on a plan referred to;
>
> THENCE N. 70° 40' 14" W., by Lot 20, on a plan referred to, 150.00 feet to the point in the southeasterly line of Whisper Drive;
>
> THENCE N. 19° 19' 46" E., by the southeasterly line of Whisper Drive, 120.00 feet to the point of beginning.
>
> SAID Lot 21 contains 18,000 square feet of land.
>
> Subject to restrictions as recited in Declaration of Restrictions recorded with said Registry in Book 9658, Page 118, as amended in Book 11004, Page 163 and Book 11520, Page

60.

Excepting the fee in the street shown as Whisper Drive on said plan, together with the right to pass and repass over Whisper Drive on said plan.

23. The Realty Trust holds title to the Subject Property as the nominee of the Estate of James J. Scavone, Sr.

24. James J. Scavone, Sr. died in September 1990.

25. Prior to his death, James J. Scavone, Sr., stayed at the Subject Property when visiting Massachusetts.

26. After the death of James J. Scavone, Sr. the Subject Property was held in the name of the Scavone Realty, in accordance with the wishes of James J. Scavone, Sr.

27. In accordance with the wishes of James J. Scavone, Sr., the Subject Property was the residence of his widow.

28. The widow of James J. Scavone, Sr. relied upon the assets of James J. Scavone, Sr. to sustain her during his life; and she relied on the assets of the Estate of James J. Scavone, Sr. to sustain her after his death.

29. James J. Scavone, Sr. set up a bank account to pay for the expenses related to the Subject Property, so that his wife/widow would not be required to pay those expenses.

30. James J. Scavone, Jr., acting as either Executor of the Estate of James J. Scavone, Sr. or as Trustee of the Realty Trust has paid for the expenses and maintenance of the Subject Property.

31. As Trustee of the Realty Trust, James J. Scavone, Jr. followed the wishes of James J. Scavone, Sr. with regard to the Subject Property.

32. On or about May 11, 2005, the Trustees of the QTIP Trust filed a document entitled "The Scavone Realty Trust Termination of Trust" with the Worcester County Registry of Deeds.

33. The Subject Property remains in the name of the Scavone Realty Trust.

34. The federal tax lien of the United States that arose with the assessment against the Estate of James J. Scavone, Sr. has attached to the subject property at 62 Whisper Drive,

Worcester, Massachusetts, and that lien should be foreclosed, and that real property should be sold by an officer of this Court, free and clear of any right, title, claim, or interest of any of the parties to this action, with an appropriate portion of the proceeds to be distributed to the United States for application to the unpaid federal estate tax liabilities of the Estate of James J. Scavone Sr.

WHEREFORE, the plaintiff, the United States of America, requests the following relief:

a) That this Court enter judgment with respect to the unpaid balance of assessment described in paragraph 8, above, in favor of the United States and against James J. Scavone, Jr., as Executor of the Estate of James J. Scavone, Sr., in the amount of $182,377.79, plus interest and other statutory additions accruing from and after May 9, 2005;

b) That this Court enter judgment that the Scavone Realty Trust holds title to the Subject Property as nominee for the Estate of James J. Scavone;

c) That this Court find that the federal estate tax liens against the Estate of James J. Scavone, Sr. attach to the Subject Property;

d) That this Court order the foreclosure of the United States' federal tax liens against the real property described in paragraph 22 above;

e) That this Court order the sale of the real property described in paragraph 22, by an officer of this Court, free and clear of any right, title, claim or interest of any of the parties to this action, with an appropriate portion of the proceeds of those sales to be distributed to the United States for application to the unpaid federal estate tax liabilities of the Estate of James J. Scavone, Sr.; and

f)  That this Court award the United States such other and further relief as this Court deems just and proper, including judgment pursuant to 28 U.S.C. § 1920 for the amount of its costs incurred in this action.

>MICHAEL J. SULLIVAN
>United States Attorney
>
>BARBARA HEALY SMITH
>Assistant U.S. Attorney
>
>*/s/ Stephen J. Turanchik*
>STEPHEN J. TURANCHIK
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6565
>stephen.j.turanchik@usdoj.gov