UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-40050-FDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JAMES J. SCAVONE, JR., Executor<br>of the Estate of James J. Scavone,<br>Sr., and as Trustee of the<br>Scavone Realty Trust,<br>PATRICK F. SCAVONE, Trustee of<br>The Scavone QTIP Trust,<br>MARY M. DURETTE, Trustee of the<br>Scavone QTIP Trust, and<br>PHILLIP L. SCAVONE, Trustee of<br>The Scavone QTIP Trust,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF DEFENDANTS MARY M. DURETTE AND PHILLIP L. SCAVONE, TRUSTEES OF THE SCAVONE QTIP TRUST TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Mary M. Durette and Phillip L. Scavone, Trustees of the Scavone QTIP Trust ("Defendants") answer the Amended Complaint of Plaintiff as follows:

JURISDICTION

1. Defendants admit the allegations of paragraph 1 of plaintiff's Amended Complaint.

PARTIES

2. Defendants admit the allegations of paragraph 2 of plaintiff's Amended Complaint.

3. Defendants admit the allegations of paragraph 3 of plaintiff's Amended Complaint.

{J:\CLIENTS\lit\304724\0001\00556522.DOC;1}                                                       1

4. Defendants admit the allegations of paragraph 4 of plaintiff's Amended Complaint.

5. Defendants admit the allegations of paragraph 5 of plaintiff's Amended Complaint.

6. Defendants admit the allegations of paragraph 6 of plaintiff's Amended Complaint.

## COUNT I – UNPAID TAXES

7. Defendants restate, repeat and incorporate by reference their responses to paragraphs 1 through 6 of the Plaintiff's Amended Complaint as if fully set forth herein.

8. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 8 of Plaintiff's Amended Complaint, and therefore, the same are denied.

9. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 9 of Plaintiff's Amended Complaint, and therefore, the same are denied.

10. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 10 of Plaintiff's Amended Complaint, and therefore, the same are denied.

11. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 11 of Plaintiff's Amended Complaint, and therefore, the same are denied.

12. Defendants admit the allegations of paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants admit the allegations of paragraph 13 of Plaintiff's Amended Complaint.

## COUNT II – FORECLOSURE OF FEDERAL TAX LIENS

Defendants restate, repeat and incorporate by reference their responses to paragraphs 1 through 13 of the Plaintiff's Amended Complaint as if fully set forth herein.

14. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 14 of Plaintiff's Amended Complaint, and therefore, the same are denied.

15. Defendants admit the allegations of paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants admit the allegations of paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants admit the allegations of paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants admit the allegations of paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 19 of Plaintiff's Amended Complaint, and therefore, the same are denied.

20. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 20 of Plaintiff's Amended Complaint, and therefore, the same are denied.

21. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 21 of Plaintiff's Amended Complaint, and therefore, the same are denied.

22. Defendants admit the allegations of paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants deny the allegations of paragraph 23 of Plaintiff's Amended Complaint.

24. Defendants admit the allegations of paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 25 of Plaintiff's Amended Complaint, and therefore, the same are denied.

26. Defendants deny the allegation of paragraph 26 that after the death of James J. Scavone, Sr. the Subject Property was held in the name of Scavone Realty. Defendants are without knowledge or information to either admit or deny the remaining allegation of paragraph 26 of Plaintiff's Amended Complaint, and therefore, the same are denied.

27. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 27 of Plaintiff's Amended Complaint, and therefore, the same are denied.

28. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 28 of Plaintiff's Amended Complaint, and therefore, the same are denied.

29. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 29 of Plaintiff's Amended Complaint, and therefore, the same are denied.

30. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 30 of Plaintiff's Amended Complaint, and therefore, the same are denied.

31. Defendants are without knowledge or information to either admit or deny the allegations of paragraph 31 of Plaintiff's Amended Complaint, and therefore, the same are denied.

32. Defendants admit the allegations of paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants deny the allegations of paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants admit the allegation of paragraph 34 that the federal tax lien of the United States that arose with the assessment against the Estate of James J. Scavone, Sr. has attached to the subject property at 62 Whisper Drive, Worcester, Massachusetts. Defendants deny the remaining allegations of paragraph 34 of Plaintiff's Amended Complaint.

WHEREFORE, Defendants Mary M. Durette and Phillip L. Scavone, Trustees of the Scavone QTIP Trust pray that this Court enter judgment in its favor and against Plaintiff for all damages caused by the wrongful actions of Plaintiff and that the Court award treble damages and attorneys' fees as allowed by Chapter 93A, costs, interest and such other and further relief as this Court may deem just and proper.

**DEFENDANTS MARY M. DURETTE AND PHILLIP L. SCAVONE, TRUSTEES OF THE SCAVONE QTIP TRUST REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

>MARY M. DURETTE and PHILLIP L. SCAVONE,
>TRUSTEES OF THE SCAVONE QTIP TRUST
>By Their Attorney
>
>Barry A. Bachrach (#025490)
>Bowditch & Dewey LLP
>311 Main Street, P. O. Box 15156
>Worcester, MA 01615-0156
>(508) 926-3403

October 24, 2005

## CERTIFICATE OF SERVICE

I, Barry A. Bachrach, hereby certify that I have served a copy of the foregoing by mailing same, postage prepaid, this 24th day of October 2005 to the following:

>Stephan J. Turanchik, Trial Attorney
>Tax Division
>U. S. Department of Justice
>P. O. Box 55, Ben Franklin Station
>Washington, DC 20044

>Barry A. Bachrach