

U.S. Department of Justice

Tax Division

Facsimile No. (202) 514-5238
Trial Attorney: Stephen J. Turanchik
Attorney's Direct Line: (202) 307-6565

Please reply to: Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

5-36-10192   CMN: 2005103245

Tony Anastas, Clerk
U.S. District Court
595 Main Street
Worcester, MA 01608

DEC -9 2005

Re:   United States v. James J. Scavone, Jr.
      Case No. 05-40050-FDS (USDC D. Mass.)

Dear Mr. Anastas:

I have received the enclosed "Answers to the Amended Complaint by Defendant James J. Scavone, Jr." from the named *pro se* defendant in the above-referenced case.

To date, this Answer has not been filed with the Court in this case. I am sending this answer to you, but not on behalf of Mr. Scavone. The United States has no objection to this pleading constituting the answer of James J. Scavone, Jr.

Should you have any questions, please do not hesitate to contact me at (202) 307-6565.

Sincerely yours,

STEPHEN J. TURANCHIK
Trial Attorney
Civil Trial Section, Northern Region

Enclosure

Copy to:   James J. Scavone, Jr.
           103 Teele Road
           Bolton, MA 01740

           John F. Shoro, Esq.
           Bowditch & Dewey LLP
           311 Main Street
           Worcester, MA 01608

- 2 -

Maureen O'Brien
IRS Associate Area Counsel
10 Causeway Street, Room 401
Boston, MA 02222

Patrick F. Scavone
3 Timber Heights Drive
Charlton, MA 01507

1455655.1.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-40050-FDS |
| JAMES J. SCAVONE, JR., executor of the Estate of James J. Scavone, Sr., and as Trustee of the Scavone Realty Trust, | ) |
| PATRICK F. SCAVONE, Trustee of the Scavone QTIP Trust, | ) |
| MARY M. DURETTE, Trustee of the Scavone QTIP Trust, and | ) |
| PHILLIP L. SCAVONE, Trustee of the Scavone QTIP Trust, | ) |
| Defendants. | ) |

## ANSWERS TO THE AMENDED COMPLAINT BY DEFENDANT JAMES J. SCAVONE, JR.

The plaintiff, the United States of America, by its undersigned counsel, at the request of a delegate of the Secretary of the Treasury and as directed by a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401, 7403 brings this complaint to reduce an unpaid federal estate tax assessment against the Estate of James J. Scavone, Sr. to judgment and to foreclose on a piece of real property at 62 Whisper Drive, Worcester, Massachusetts. For these purposes, the United States complains and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to Sections 1340 and 1345 of Title 28 of the United States Code, and pursuant to Section 7402 of Title 26 of the United States

ANSWER: This defendant affirms the above paragraph.

## PARTIES

2. Defendant, James J. Scavone, Jr. ("Executor") is the Executor of the Estate of James J. Scavone, Sr. ("Taxpayer") and is the Trustee of the Scavone Realty Trust ("Realty Trust").

ANSWER: This defendant affirms the above paragraph.

3. Executor resides at 103 Teele Road, Bolton, Massachusetts within the jurisdiction of this court.

ANSWER: This defendant affirms the above paragraph.

4. Patrick F. Scavone, resides at 3 Timber Heights Drive, Charlton, Massachusetts within the jurisdiction of this Court, and is named as a defendant because he is a named Trustee of the Scavone QTIP Trust ("QTIP Trust").

ANSWER: This defendant affirms the above paragraph.

5.  Phillip L. Scavone, resides at 2515 Pemberton Creek Drive Seffner, Florida 33584 and is named as a defendant because he is a named Trustee of the QTIP Trust.

ANSWER: This defendant affirms the above paragraph.

6.  Mary Martha Durette, resides at 13112 Briarcliff Terrace, Apt. 511, Germantown, Maryland 20874 and is named as a defendant because she is a named Trustee of the QTIP Trust.

ANSWER: This defendant lacks sufficient information to affirm this paragraph, so I must disagree.

## COUNT I – UNPAID TAXES

7.  The United States re-alleges the facts as set forth in paragraphs 1 - 6, as though fully set forth herein.

ANSWER: This defendant affirms the above paragraph.

8. A delegate of the Secretary of the Treasury made assessments against the taxpayer for federal estate tax liabilities, on the dates, and in the amounts, follows:

3

1452672.1

| Tax, Interest or Penalty Assessed | Assessment Date | Amount Assessed |
|---|---|---|
| Tax | February 17, 1992 | 1,559,796.18 |
| Interest | August 24, 1992 | 70,939.47 |
| Interest | September 7, 1992 | 6,969.58 |
| Interest | April 26, 1993 | 9,365.13 |
| Tax | March 23, 1995 | 356,387.28 |
| Interest | March 23, 1995 | 126,156.06 |
| Interest | June 19, 1995 | 5,353.53 |
| Failure to Pay Penalty | March 17, 2005 | 18,729.75 |

ANSWER: This defendant affirms the above paragraph.

8. On or about the dates of assessment of the tax liabilities, notice and demand for payment of the liabilities was given to the taxpayer.

ANSWER: This defendant affirms the above paragraph.

9. Payments of $2,187,436.10 have been made towards the estate tax liability.

ANSWER: This defendant affirms the above paragraph.

11. Despite notice and demand, the Executor has refused or neglected to pay fully the assessed liability of the Taxpayer.

4

12. Interest continues to accrue on the assessed estate tax liabilities.

ANSWER: This defendant affirms the above paragraph.

13. There remains due and owing to the United States from the taxpayer, the sum of $182,377.79 plus statutory interest and additions from May 9, 2005.

ANSWER: This defendant affirms the above paragraph.

COUNT II - FORECLOSURE OF FEDERAL TAX LIENS

14. On or about May 17, 1990, James J. Scavone, Jr., following the wishes of his father, James J. Scavone, Sr. established the Scavone Realty Trust.

ANSWER: This defendant affirms the above paragraph.

15. By its terms, the Realty Trust was formed to hold the record, legal title of the Subject Property, for the benefit of the Trust beneficiaries.

ANSWER: This defendant does not affirm the above paragraph.

16. The sole beneficiary of the Realty Trust was the Scavone QTIP Trust.

ANSWER: This defendant does not affirm the above paragraph.

17. James J. Scavone, Sr. established the QTIP Trust on or about January 5, 1990.

ANSWER: This defendant affirms the above paragraph.

18. The named Trustees of the QTIP are Mary M. Durette, Patrick F. Scavone and Phillip L. Scavone.

ANSWER: This defendant affirms the above paragraph.

19. James J. Scavone, Sr. intended that the QTIP Trust's primary purpose was to provide his wife with a home for her lifetime.

ANSWER: This defendant does not affirm the above paragraph.

20. On or about May 18, 1990, James J. Scavone, Jr., acting at the behest of James J. Scavone, Sr., acquired the real property at 62 Whisper Drive ("the Subject Property") for $450,000 from Banks L. Leonard, Sr. and Agnes Anne Leonard.

ANSWER: This defendant affirms the above paragraph.

21. The Subject Property was purchased in the name of the Realty Trust, however, the funds used to purchase the Subject Property came from James J. Scavone, Sr.

ANSWER: This defendant affirms the above paragraph.

22. The Subject Property at 62 Whisper Drive is more fully described as:

the land together withe buildings and all improvements thereon, lying on the southeasterly side of Whisper Drive, Worcester, Worcester County, Massachusetts, and being Lot 21 on plan entitled "'Sinai Hill Development' Definitive Plan of Lots in Worcester, Mass. for H.A.E., Inc., May 10, 1985", prepared by Thompson-Liston Associates, Inc., and recorded with the Worcester District Registry of Deeds in Plan Book 544, Plan 46.

BEGINNING at the northwesterly corner of the lot herein described in southeasterly line of Whisper Drive, said point of beginning being 218.34 feet southwesterly of (measured on the southeasterly line of Whisper Drive), the tangent point of a curve, leading northeasterly by Whisper Drive, the radius of which is 30.00 feet;

THENCE S. 70° 40' 14" E., by Lot 22, on a plan referred to, 150.00 feet to a point at land of Temple Sinai, Parcel A, on a plan referred to;

THENCE S. 19° 19' 46" W., by land of Temple Sinai,     Parcel A, on a plan referred to, 120.00 feet to a point in Lot 20, on a plan referred to;

THENCE N. 70° 40' 14" W., by Lot 20, on a plan referred to, 150.00 feet to the point in the southeasterly line of Whisper Drive;

THENCE N. 19° 19' 46" E., by the southeasterly line of Whisper Drive, 120.00 feet to the point of beginning.

SAID Lot 21 contains 18,000 square feet of land.

Subject to restrictions as recited in Declaration of Restrictions recorded with said Registry in Book 9658, Page 118, as amended in Book 11004, Page 163 and Book 11520, Page 60.

Excepting the fee in the street shown as Whisper Drive on said plan, together with the right to pass and repass over Whisper Drive on said plan.

22. The Realty Trust holds title to the Subject Property as the nominee of the Estate of

7

1452672.1

James J. Scavone, Sr.

ANSWER: This defendant affirms the above paragraph.

23. The Realty Trust holds title to the Subject Property as the nominee of the Estate of James J. Scavone, Sr.

ANSWER: This defendant affirms the above paragraph.

24. James J. Scavone, Sr. died in September 1990.

ANSWER: This defendant affirms the above paragraph.

25. Prior to his death, James J. Scavone, Sr., stayed at the Subject Property when visiting Massachusetts.

ANSWER: This defendant affirms the above paragraph.

26. After the death of James J. Scavone, Sr. the Subject Property was held in the name of the Scavone Realty, in accordance with the wishes of James J. Scavone, Sr.

ANSWER: This defendant affirms the above paragraph.

27. In accordance with the wishes of James J. Scavone, Sr., the Subject Property was the residence of his widow.

ANSWER: This defendant affirms the above paragraph.

28. The widow of James J. Scavone, Sr. relied upon the assets of James J. Scavone, Sr. to sustain her during his life; and she relied on the assets of the Estate of James J. Scavone, Sr. to sustain her after his death.

ANSWER: This defendant affirms the above paragraph.

29. James J. Scavone, Sr. set up a bank account to pay for the expenses related to the Subject Property, so that his wife/widow would not be required to pay those expenses.

ANSWER: This defendant does not affirm affirms the above paragraph.

30. James J. Scavone, Jr., acting as either Executor of the Estate of James J. Scavone, Sr. or as Trustee of the Realty Trust has paid for the expenses and maintenance of the Subject Property.

ANSWER: This defendant does not affirm the above paragraph.

31. As Trustee of the Realty Trust, James J. Scavone, Jr. followed the wishes of James J. Scavone, Sr. with regard to the Subject Property.

ANSWER: This defendant affirms the above paragraph.

32. On or about May 11, 2005, the Trustees of the QTIP Trust filed a document entitled "The Scavone Realty Trust Termination of Trust" with the Worcester County

ANSWER: This defendant affirms the above paragraph.

33. The Subject Property remains in the name of the Scavone Realty Trust.

ANSWER: This defendant affirms the above paragraph.

34. The federal tax lien of the United States that arose with the assessment against the Estate of James J. Scavone, Sr. has attached to the subject property at 62 Whisper Drive, Worcester, Massachusetts, and that lien should be foreclosed, and that real property should be sold by an officer of this Court, free and clear of any right, title, claim, or interest of any of the parties to this action, with an appropriate portion of the proceeds to be distributed to the United States for application to the unpaid federal estate tax liabilities of the Estate of James J. Scavone Sr.

ANSWER: This defendant affirms the above paragraph.

**Wherefore defendant, James J. Scavone, Jr., asks the court to assign the surplus funds that will remain after the I.R.S. has been satisfied, to The Estate of James J. Scavone, Sr. or to The Scavone Realty Trust.**

RESPECTFULLY SUBMITTED

*/s/ James J. Scavone Jr*
James J. Scavone, Jr.
12/05/05

10

1452672.1