```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Case No. 05-40050-FDS |
|   v. | ) |
| | ) |
| JAMES J. SCAVONE, JR., executor of the Estate of James J. Scavone, Sr., and as Trustee of the Scavone Realty Trust, | ) ) ) ) |
| | ) |
| PATRICK F. SCAVONE, Trustee of the Scavone QTIP Trust, | ) ) |
| | ) |
| MARY M. DURETTE, Trustee of the Scavone QTIP Trust, and | ) ) |
| | ) |
| PHILLIP L. SCAVONE, Trustee of the Scavone QTIP Trust, | ) ) |
| | ) |
|       Defendants. | ) |

<u>UNITED STATES' DISCLAIMER AND MOTION TO WITHDRAW</u>

The United States of America, through undersigned counsel, moves to withdraw from this action and disclaims any interest in any surplus funds following the payment of the federal estate tax liabilities of the Estate of James J. Scavone, Sr.

The United States, pursuant to 26 U.S.C. §§ 7401 and 7403, brought this action to (1) reduce certain tax assessments against the Estate of James J. Scavone, Sr. to judgment, and (2) to foreclose its federal tax liens against certain property at 62 Whisper Drive, Worcester, Massachusetts.

On January 30, 2006, the real property at 62 Whisper Drive was sold and the United States received payment in full of the

1524898.1

estate tax liabilities of the Estate of James J. Scavone, Sr.  As a result, the United States no longer requires this Court to enter judgment on either of its claims.

There are surplus proceeds remaining after payment to the United States.  We believe that this Court retains jurisdiction to make a determination as to which party is entitled to the surplus proceeds.  Section 7403(a) of the Internal Revenue Code (26 U.S.C.) provides the United States with authority to bring the foreclosure action.  It states:

> In any case where there has been a refusal or neglect to pay any tax, ... the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property ....

Section 7403(c) states what the Court is required to do in these cases.  It provides:

> <u>The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property</u>, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

According to the statute, the court "shall" proceed to adjudicate all matters involved and determine all claims upon the property. See <u>United States v. Gilbert</u>, 478 F.Supp. 306 (S.D.N.Y. 1979).

There is one discretionary matter for the court, as set forth in the statute; that is, it *may* decree a sale of the property. However, the District Court's discretion is limited in denying the foreclosure order. See <u>Rodgers v. United States</u>, 461 U.S. 677 (1982).

In this case the only issue left for the Court to decide is which party is entitled to the surplus proceeds, or portion thereof.  Because the United States claims no additional interest in the remaining proceeds it disclaims any interest in those funds, and asks that it be dismissed from the action.

                /s/ Stephen J. Turanchik
                STEPHEN J. TURANCHIK
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 55
                Ben Franklin Station
                Washington, D.C.  20044
                Telephone: (202) 307-6565
                stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Motion to Withdraw and Disclaimer has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 31st day of January, 2006:

>John F. Shoro, Esq.
>Bowditch & Dewey LLP
>311 Main Street
>Worcester, MA 01608
>
>James J. Scavone, Jr.
>103 Teele Road
>Bolton, MA 01740
>
>Patrick F. Scavone
>3 Timber Heights Drive
>Charlton, MA 01507

>/s/ Stephen J. Turanchik
>STEPHEN J. TURANCHIK
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 307-6565